UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-386-MWF (SPx)                Date:  May 22, 2018
Title:     Kendrall Davis, et al. v. Beam Team Inc.

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEY PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                    None Present

PROCEEDINGS (IN CHAMBERS):  ORDER RE: PLAINTIFFS' MOTION TO REMAND [12]

Before the Court is Plaintiffs' Motion to Remand (the "Motion"), filed on April 5, 2018. (Docket No. 12). On April 23, 2018, Defendant Beam Team Inc. ("BTI") filed an Opposition. (Docket No. 14). On April 30, 2018, Plaintiffs filed a Reply. (Docket No. 15). The Court held a hearing on May 21, 2018.

For the reasons discussed below, the Motion is **GRANTED**. BTI has not plausibly established that the amount in controversy is more than the $5 million jurisdictional threshold under CAFA.

I.     **BACKGROUND**

On January 4, 2018, Plaintiffs, former employees of BTI, a construction company that focuses on the development of retail stores, commenced a putative class action against BTI in San Bernardino County Superior Court asserting nine wage-and-hour-related claims for relief under California law: failure to pay minimum wages; failure to pay overtime; failure to provide accurate itemized wage statements; failure to pay all wages within the appropriate pay periods; waiting time penalties; failure to reimburse all business expenses; failure to provide meal periods; violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200 *et seq.*; and a claim for relief under California's Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-386-MWF (SPx)    Date:  May 22, 2018
Title:     Kendrall Davis, et al. v. Beam Team Inc.

In their Complaint, Plaintiffs propose the following class definition:

> All nonexempt hourly employees who worked for Defendants in California at any time within four (4) years prior to the filing of this Complaint until the final judgment (hereinafter "the Class Period"), in one of the following job positions: Site Representative, Site Lead, and Material Handler.

(Complaint ¶ 18).  Plaintiffs allege that "[t]he membership of the entire class is greater than 50 individuals, but the identity of such membership is readily ascertainable via inspection of the personnel records and other documents maintained by Defendants." (*Id.* ¶ 19).

The primary focus of Plaintiffs' Complaint is BTI's treatment of the putative class members' travel time to and from projects: Plaintiffs allege that BTI did not pay putative class members for time spent driving to/from projects that were less than 100 miles from the putative class members' homes or hotels, and paid putative class members hourly, at the minimum wage rate, for travel beyond the first 100 miles. (*See, e.g., id.* ¶¶ 27-28).  Plaintiffs also allege that BTI's travel-time policy resulted in the under-provision of overtime wages and meal breaks, as travel time that should have counted towards the putative class members' overall hours worked was not.  (*Id.* ¶¶ 37-38).  Plaintiffs do not specify the amount of the putative class members' damages in their Complaint.

On February 23, 2018, after filing an answer in Superior Court, BTI removed the action, invoking this Court's jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d), Pub. L. No. 109-2.  (Notice of Removal ("NoR") (Docket No. 1) ¶ 7).  This Motion followed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-386-MWF (SPx)                    Date:  May 22, 2018
Title:    Kendrall Davis, et al. v. Beam Team Inc.

## II.  DISCUSSION

### A.  Jurisdiction under CAFA

Under CAFA, the Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" there is minimal diversity.  28 U.S.C. § 1332(d).

"Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  In a notice of removal, a defendant need only plausibly allege that these prerequisites are met.  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014).  Once confronted with a motion to remand, however, the removing defendant bears the burden of establishing jurisdiction by a preponderance of the evidence.  *Id.* at 553–54; *Ibarra*, 775 F.3d at 1197-98.

Relevant here, where a plaintiff moves to remand based upon the amount in controversy, both "parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment type evidence relevant to the amount in controversy at the time of removal.'"  *Ibarra*, 775 F.3d at 1199–1200.  "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure."  *Id.* at 1198.  A removing defendant bears the burden of convincing the district court that the $5 million CAFA threshold is met, and the defendant's "assumptions cannot be pulled out of thin air but need some reasonable ground underlying them."  *Id.* at 1199.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-386-MWF (SPx)                Date:  May 22, 2018
Title:     Kendrall Davis, et al. v. Beam Team Inc.

B.   **Amount in Controversy**

The parties dispute the "amount in controversy" element of CAFA jurisdiction. In conjunction with its Notice of Removal, BTI filed a Declaration of John Morris ("Morris Decl.") (Docket No. 1-2), the Vice President of BTI.  Based upon his review of the Complaint and the putative class definition, Morris estimates that "the putative class covers approximately 135 employees," of whom "approximately 90 are former employees."  (Morris Decl. ¶ 6).  Plaintiff does not dispute Morris' estimate of the class size.  (*See* Mot. at 3 n. 1).

Morris contends that "[e]mployees similarly situated to Plaintiffs in this case travelled over 100 miles to job sites on a weekly basis."  (Morris Decl. ¶ 4).  Morris does not explain how he obtained this information, how many of the approximately 135 putative class members travelled more than 100 miles on a "weekly basis," or what a "weekly basis" means (*e.g.,* once a week, twice a week, every day of the week).

Morris then estimates that "the number of total weeks worked by class members [is] approximately 6723."  (*Id.* ¶ 7).  Next, Morris estimates that "the average hourly rate for the putative class [is] $16.00."  (*Id.* ¶ 8).  Then, based (seemingly) upon the estimated size of the class, the total number of workweeks, the average hourly rate, and the frequency of 100-plus-mile trips, Morris estimates that "the amount of money that is put at issue by Plaintiffs' complaint is in excess of $5,000,000," itemized as follows:

- $691,000 for "unpaid regular wages";

- $336,000 for "unpaid meal and rest break premiums";

- $421,000 for "unreimbursed business expenses";

- $1,003,000 for "unpaid overtime";

- $2,001,000 for "restitutionary wages";

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-386-MWF (SPx)         Date:  May 22, 2018
Title:     Kendrall Davis, et al. v. Beam Team Inc.

- $345,000 for "waiting time penalties";

- $134,000 for "liquidated damages";

- $580,000 for "statutory penalties"; and

- $702,000 for "Private Attorneys General Act penalties."

(*Id.* ¶ 9).  Assuming the accuracy of Morris' estimations, the total amount in controversy based upon the allegations in the Complaint is $6,213,000.  (*See* NoR ¶ 10).

Plaintiffs argue that Morris' estimates suffer from both excessive vagueness and apparent double-counting of, among other things, unpaid regular wages and overtime. (*See* Mot. at 5-7).  Rather than bolster Morris' estimates with additional evidence (*e.g.*, business records, summaries of business records, another declaration further explicating Morris' original estimates, etc.), BTI stands on its original Notice of Removal and Morris' original declaration.  (*See* Opp. at 7-10).

***Excessive vagueness.***  Plaintiffs attack Morris' declaration as "provid[ing] little to no details about how the amounts listed were calculated," specifically because it:

> (1) fails to explain how the average hourly rate for the putative class was determined; (2) fails to explain how the number of workweeks for the putative class was calculated or what Class period was used for each of the claims; (3) fails to explain how the amount of "unpaid regular wages," meal and rest period premiums, unpaid business expenses, and unpaid overtime were calculated; (4) fails to explain what constitutes "restitutionary wages" and whether those amounts are subsumed by other damages calculations related to unpaid regular wages and overtime; (5) fails to explain how the waiting time penalties were calculated; (6) fails to explain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-386-MWF (SPx)     Date:  May 22, 2018
Title:     Kendrall Davis, et al. v. Beam Team Inc.

how liquidated damages were calculated; (7) fails to explain how "statutory penalties" were determined or even what statutes were included in the calculation (including whether there is double counting for waiting time penalties); and (8) fails to explain how the PAGA penalties were determined and the statutes included in the calculation.

(Mot. at 5-6).

BTI has very little to say in response. BTI first argues that its burden is merely to "'include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" (Opp. at 6-7) (quoting *Dart*, 135 S.Ct. at 554). But a "plausible allegation" is all that a removing defendant needs to include in its notice of removal; as discussed above, once a plaintiff challenges the amount in controversy through a motion to remand, "the defendant seeking removal bears the burden to show by a ***preponderance of the evidence*** that the aggregate amount in controversy exceeds $5 million…." *Ibarra*, 775 F.3d at 1197 (emphasis added).

Next, BTI argues, without citation to any authority, that Plaintiffs and the Court should simply trust Morris' unadorned damages estimates because they are "based on his own knowledge gained as part of his job responsibilities." (Opp. at 8). This is not the law. In the face of Plaintiffs' challenge, BTI "bears the burden of showing that its estimated amount in controversy relied on ***reasonable assumptions***." *Ibarra*, 775 F.3d at 1199 (emphasis added). It is not clear from Morris' declaration, the Notice of Removal, or the Opposition, what Morris' relevant assumptions even are.

Most pertinently, it is not clear how many employees Morris assumes travelled more than 100 miles to/from jobsites, how much further than 100 miles they travelled, how much time they spent travelling these 100-plus-mile distances, or how often that happened. Even less clear is whether Morris' assumptions are reasonable. Because the bulk of Plaintiffs' claims and the bulk of damages will turn on the number, frequency, and length (in time and distance) of long-haul trips, it is absolutely essential for BTI to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-386-MWF (SPx)			Date:  May 22, 2018
Title:	Kendrall Davis, et al. v. Beam Team Inc.

connect the dots between such trips and the putative class members' damages.  BTI has not come close to doing that.

It may be that Morris arrived at his damages estimates with the aid of business records and through the application of sound mathematics.  But, due to the lack of any explanatory details in his declaration or any further explanatory evidence or details submitted with BTI's Opposition, it appears to the Court and Plaintiffs that Morris' numbers are "pulled from thin air."  *Ibarra*, 775 F.3d at 1197.

***Double-counting.***  Plaintiffs also argue that, regardless of the sufficiency of BTI's/Morris' calculations or explanation of those calculations, it is clear that Morris double-counted at least $1,694,000 through his estimates of "unpaid regular wages" ($691,000), "unpaid overtime" ($1,003,000), and "restitutionary wages" ($2,001,000).  The Court agrees.

Nowhere does BTI explain why the estimated $2,001,000 in "restitutionary wages" would not encompass the combined estimated $1,694,000 in "unpaid regular wages" and "unpaid overtime."  BTI also does not deny double counting.  Instead, BTI cites *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 96 Cal. Rptr. 2d 518 (2000), for the proposition that "[u]nlawfully withheld wages may be recovered as an equitable, restitutionary remedy in an unfair competition law action, even though unpaid wages might also be recovered as legal damages."  (Opp. at 9).  But the *Cortez* Court merely held that "wages unlawfully withheld from an employee" may be pursued as a "restitutionary remedy" under the UCL.  *Id.* at 178.  The *Cortez* Court ***did not*** hold that an employee may recover his or her unpaid wages once under the Labor Code and ***again*** under the UCL.  When pressed at the hearing to answer whether he believes that Plaintiffs, if ultimately successful, will be able to recover their unpaid wages twice under different legal theories, BTI's counsel would not answer affirmatively.

Assuming *arguendo* the viability of BTI's "unpaid regular wages" and "unpaid overtime" estimates, it is clear that the $1,694,000 combined amount was double counted under Labor Code and UCL theories.  This double-counting is impermissible.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-386-MWF (SPx)                Date:  May 22, 2018
Title:     Kendrall Davis, et al. v. Beam Team Inc.

*See, e.g., Arriola v. WS Packaging Group Inc.*, No. 2:10-cv-07941-JHN-PLAx, 2011 WL 103959, at *2 (C.D. Cal. Jan. 12, 2011) (remanding CAFA removal case where the defendant had double-counted the same underlying damages under the Labor Code and the UCL, as "double recovery would not be allowed").

Subtracting $1,694,000 from BTI's estimated damages ($6,213,000), would bring the damages total to $4,519,000 – below CAFA's $5 million jurisdictional threshold.  Thus, even if BTI had provided an adequate explanation of the methodology it employed to arrive at its damages estimate, remand would still be required as a result of BTI's impermissible double counting.

Accordingly, the Motion is **GRANTED.**

## III.     CONCLUSION

For the foregoing reasons, the Court finds that this case was improperly removed and that the Court lacks jurisdiction under CAFA.  Accordingly, Plaintiffs' Motion is **GRANTED**.

The Court **REMANDS** the action to the Superior Court of the State of California for the County of San Bernardino.

IT IS SO ORDERED.